UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-92-0225 |
| | § | CIVIL ACTION  NO. H-06-2980 |
| JOSEPH SHANE MASSERANO, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE UNITED STATES' MOTION TO DISMISS**

Before the Magistrate Judge is Respondent's Motion to Dismiss (Document No. 79), and Movant Joseph Shane Masserano's "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ. Proc." (Document No. 76).  Having considered Masserano's Motion and the claims and allegations contained therein, the Government's Motion to Dismiss, the record of the proceedings before the District Court and the Court of Appeals, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, and that Masserano's "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ. Proc.," be DENIED.

**I.     Procedural History**

Movant Joseph Shane Masserano ("Masserano"), who is currently in the custody of the United States Bureau of Prisons, seeks to have the Judgment of Conviction entered against him on May 18, 1994, vacated.  Masserano maintains that such relief is available to him pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure because the Judgment of Conviction is void.

On September 22, 1992, Masserano was charged by Indictment with three counts of bank robbery and two counts of using a deadly weapon in the commission of a crime of violence. (Document No. 1).[1] On July 16, 1993, Masserano pled guilty pursuant to a written plea agreement to each charged alleged against him in the Indictment. (Document Nos. 24 & 24). Thereafter, following the preparation of a presentence report, to which Masserano filed objections (Document No. 27), Masserano was sentenced to 78 months confinement on counts one, three and five, 60 months confinement on count two, and 240 months confinement on count four, with the three 78 month terms of imprisonment all to be served concurrently, and the 60 and 240 month term of imprisonment to be served consecutively thereafter, for a total term of incarceration 378 months; a five year term of supervised release, $36,562.00 in restitution, and $450 in special assessments. (Document No. 31). A Judgment of Conviction was entered on November 29, 1993. (Document No. 33). An Amended Judgment of Conviction was entered on May 18, 1994. (Document No. 34). Masserano did not appeal.

On May 15, 1998, Masserano filed the first of his post-conviction motions, styled as "Defendant's Motion to Dismiss." (Document No. 42). In that motion, Masserano asked that his conviction be dismissed on the basis that the Government lacked jurisdiction to prosecute the claims and the Court lacked jurisdiction to adjudicate the claims. The Government, construing the motion as one requesting relief under 28 U.S.C. § 2255, moved for dismissal on the basis that Masserano's motion was time-barred. (Document No. 44). On June 18, 1998, the Court granted the

---

[1] Criminal Action No. H-92-0225 was consolidated with Criminal Action Nos. H-93-042, H-93-53, H-93-140, and H-93-165. Masserano was sentenced to concurrent terms of 78 months incarceration on the offenses of which he was convicted in Criminal Action Nos. H-93-042, H-93-53, H-93-140, and H-93-165. Masserano has competed his sentence(s) on each of those convictions.

Government's motion to dismiss, finding that it had no jurisdiction to dismiss the conviction. (Document No. 47). Additionally the Court determined that if Masserano's motion to dismiss were construed as one for relief under § 2255, it was subject to dismissal as time-barred. (Document No.47). Masserano's motions for reconsideration were summarily denied by the Court on September 4, 1998. (Document No. 57). Masserano appealed the rejection of his Motion to Dismiss to the Fifth Circuit Court of Appeals. Finding no final judgment from which to appeal, the Fifth Circuit dismissed the appeal for lack of jurisdiction, and instructed Masserano to seek a Final Judgment from the District Court. On December 12, 1999, on its own motion, the Court, in a Memorandum and Order, construed Masserano's previously filed Motion to Dismiss (Document No. 42) as a motion under 28 U.S.C. § 2255, which the Court then dismissed as both frivolous and time- barred. (Document No. 67).[2] An order denying Masserano a certificate of appealability, as well as a Final Judgment was entered that same date. (Document Nos. 67 & 68). On July 20, 2000, the Fifth Circuit likewise denied Masserano a certificate of appealability, finding proper the Court's construction of Masserano's motion as one arising under 28 U.S.C. § 2255, and upholding the dismissal of Masserano's jurisdictional claims as frivolous. (Document No. 75).

Over six years later, Masserano filed the instant "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ. Proc." (Document No. 76). The Government has again moved for dismissal (Document No. 79).

---

[2] In construing Defendant's Motion to Dismiss as a motion under § 2255, the Court wrote:

> Notwithstanding Masserano's protest that his Motion to Dismiss is not a § 2255 motion, his challenge to the judgment of conviction and sentence based upon his jurisdictional arguments requires that it be regarded as such.

(Document No. 67) at 4.

3

**II.     Claims**

Masserano asserts two claims in the "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ. Proc." (Document No. 76). First, Masserano maintains that the Court improperly delegated to a non-judicial officer the non-delegable duty of determining the manner and schedule of his restitution payments. Next Masserano maintains that the Court improperly delegated to the United States Attorney the non-delegable duty of determining the sentence to be imposed on counts two and four. Masserano maintains that as a result of these improper delegations, the Judgment of Conviction is void.

In response to Masserano's motion, the Government has filed a Motion to Dismiss. In the Motion to Dismiss, the Government argues that Masserano's motion should be, and can only be, construed as a second request for relief under 28 U.S.C. § 2255, and that the motion should be dismissed for lack of jurisdiction because Masserano has not obtained the requisite permission from the Fifth Circuit Court of Appeals to file a second or successive motion under § 2255. The Government also argues that even if Masserano's motion could be construed as falling outside the parameters of § 2255, no relief is available to him under Rule 60(b)(4) of the Federal Rules of Civil procedure because Masserano is clearly challenging a *criminal* judgment, not a *civil* order or judgment.

**III.    Discussion**

A consideration of Masserano's Motion is first dependent on whether that motion is a true Motion for Relief from Judgment under Rule 60(b), as styled, or whether the motion is, and should be construed as, a second § 2255 motion. A review of Masserano's motion supports the

Government's argument that no relief is available to Masserano under FED. R. CIV. P. 60(b), that there is no avenue other than 28 U.S.C. § 2255 for Masserano to challenge his criminal conviction and the order of restitution contained therein, and that Masserano's motion, properly construed as one for relief under § 2255, is subject to dismissal for lack of jurisdiction because Masserano did not obtain the Fifth Circuit's permission to file a second or successive § 2255 motion.

Rule 60(b) of the Federal Rules of Civil Procedure provides for the setting aside of a civil order or a civil judgment as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or o set aside a judgment for fraud upon the court.

While Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction § 2255 proceedings. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2651 (2005). "[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings", the motion should be considered as a Rule 60(b) motion and not a successive motion under 28 U.S.C. § 2255." *Id.* at 2648. Here, because Masserano is challenging his criminal

5

judgment of conviction, *not* his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein.

As for the relief available under § 2255, which provides the avenue for a federal prisoner to challenge his criminal conviction on the basis that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," because Masserano has challenged his criminal conviction before with a motion that was construed by the Court as a request for relief under § 2255, and because Masserano has not obtained permission from the Fifth Circuit to again seek relief under § 2255, the Court is without jurisdiction to entertain Masserano's motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired

certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).[3]

Masserano argues in response to the Government's Motion to Dismiss that he is not challenging his "custody" and therefore his motion is not one for relief under § 2255. Masserano further argues that the errors he complains about are Article III "structural errors," which should be remedied "through the vacating of his restitution order and the court sentencing him in accordance with Article III." Masserano's Reply (Document No. 81) at 6. Masserano, however, points the Court to no rule or statutory provision, other than 28 U.S.C. § 2255, that would allow for the relief he seeks. While much is made by Masserano of the Fifth Circuit's holding in *Johnston v. United States*, 258 F.3d 361, 370 (5th Cir. 2001), that a District Court cannot delegate Article III duties to a non-Article III officers, Masserano fails to acknowledge that *Johnston* arose from a § 2255 proceeding – the same type of proceeding Masserano attempts to disavow here. In addition, the Fifth Circuit's decision in *United States v. Albro*, 32 F.3d 173 (5th Cir. 1994), in which the Fifth Circuit held that a District Court cannot delegate to a non-judicial officer the task of determining a defendant's restitution payment schedule, arose in the context of the defendant's direct appeal. Here, Masserano's claims, which relate to his sentence and the restitution order, come nearly thirteen years after Masserano was sentenced, after Masserano failed to file an appeal, and after Masserano had

---

[3] In addition, given the nature of Masserano's claims, no relief would be available to Masserano under § 2555 even if the Court had jurisdiction to entertain his motion. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) ("we make plain today that complaints concerning restitution may not be addressed in § 2255 proceedings"); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("We hold here only that § 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence."); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996) (petitioner who is in custody cannot challenge an order of restitution through a § 2255 motion).

filed a previous collateral proceeding challenging his sentence and conviction on other grounds. Simply put, Masserano has not cited, and the Court cannot find, any rule, statute or case law authority, other than 28 U.S.C. § 2255, that would provide for the relief Masserano seeks with his "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ.Proc.". Therefore, as argued by the Government, Masserano's "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ.Proc." should be construed as a § 2255 motion. So construed, the Court is without jurisdiction to consider the motion or the claims contained therein because the motion is a second or successive § 2255 motion for which no permission to file was obtained by the Fifth Circuit Court of Appeals.

### IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that no relief is available to Movant Joseph Shane Masserano under Rule 60(b) of the Federal Rules of Civil Procedure, and that the Court lacks jurisdiction to entertain Masserano's motion as one arising under 28 U.S.C. § 2255, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 79) be GRANTED, and that Movant Joseph Shane Masserano's "Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b)(4) Fed. R. Civ.Proc." (Document No. 76) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking

factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 12th day of February, 2007.

Frances H. Stacy
United States Magistrate Judge